26 C.C.P.A. (Patents)

### LYON v. RYERSON.

### Patent Appeal No. 4127.

Court of Customs and Patent Appeals.

May 29, 1939.

Charles W. Hills, Jr., and Charles F. Meroni, both of Chicàgo, Ill. (Donald J. Simpson, of Chicago, Ill., of counsel), for appellant.

G. Frank Langford and Townsend F. Beaman, both of Jackson, Mich., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The junior party, George A. Lyon, has here appealed from the decision of the Board of Appeals of' the· United States Patent Office which affirmed that of the Examiner of Interferences in awarding the senior party, Creighton W. Ryerson, priority of invention defined by two counts involved· in the interference, which counts read as follows:

"1. In a multi-part tire cover, an arcuate section including side and tread covering portions, said side covering portion being provided centrally of the tire with means whereby it may·be secured to the hub of the·spare wheel in which the spare tire is mounted and an arcuate retaining ring for disposition at the other side of the tire and resiliently held in cooperation with said section, said ring being of a lesser depth than that of said section and having an inwardly extending rear tire side covering portion.

"2. In a non-collapsible spare tire cover, front and rear arcuate and transversely curved sections each having a tread covering portion and a tire side covering portion with the side covering portion and said rear section of a lesser depth than that of the· other side covering portion, the tire side covering portion of said front section being provided with means disposed centrally of the cover whereby said section may be secured to the hub of the wheel carrying said spare tire, said sections being provided with means to cause them to be resiliently urged into engagement with each other on the tire."

Lyon's application was filed August 21, 1933 while Ryerson's filing date was August 1, 1933. The Lyon application resulted in a patent No. 1,986,153, granted January 1, 1935. On January 14, 1935, Ryerson copied into his said application,

filed August 1, 1933, the two counts here involved which were claims 1 and 2 of the Lyon patent.

The invention relates to a multipart spare tire cover including front and rear cover sections, each having tire side and tread covering portions, which sections are resiliently held in cooperation with each other on a spare tire. Means are arranged for clamping the front section centrally to the wheel hub so that the entire cover may be carried by the wheel instead of by the tire.

Lyon filed a motion to dissolve the interference on the ground that Ryerson could not make the claims corresponding to the counts on the disclosure of the application filed August 1, 1933. The Primary Examiner denied the motion to dissolve and it was subsequently held by the Board of Appeals, for reasons hereinafter discussed, that Ryerson could make the claims corresponding to the counts.

The oral and stipulated testimony of several witnesses was introduced by Lyon for the purpose of proving priority and the testimony of Ryerson and five other witnesses was stipulated into the record on behalf of Ryerson.

The Examiner of Interferences held that Ryerson was entitled to a date of conception in 1932, which conception was shown by certain documents and stipulated testimony relating to the same, and that he was entitled to his filing date for constructive reduction to practice. The Examiner of Interferences limited Lyon to a conception date of not earlier than July 1933, and a reduction to practice on his filing date—August 21, 1933. Since upon these findings Ryerson was first to conceive and first to reduce to practice, priority of invention defined by the counts of the interference was awarded to him.

The board took the same view as the Examiner of Interferences and affirmed his decision for the same reasons as those assigned by him.

 Three principal questions are presented here: First. The right of Ryerson to make the claims corresponding to the counts. Ryerson's application, filed August 1, 1933, does not disclose the details of the element of the counts relating to the spring clasp means for resiliently holding the sections together. It was found by the tribunals that Ryerson's disclosure in this regard in his application filed August 1,

1933, was diagrammatical and in the application it was definitely stated that: "* * * These clasps form no part of this invention as they are claimed in my copending application filed December 31, 1931, Serial No. 584,030."

It is contended by Lyon that since the counts are combination counts and since Ryerson never claimed this combination until he saw it in the Lyon patent, he is not permitted to supplement the disclosure in his application filed August 1, 1933, by the specific spring means disclosed and claimed in his copending application, and raises the question that any amendment that might be permitted in the later-filed application to include the matter disclosed in the first one would be new matter.

This issue has been vigorously contested at each stage of this proceeding and many arguments and considerations have been presented which to repeat here would unduly extend this opinion. It was the conclusion of the board, agreeable to that of the examiner, that since the clasp structure in the later-filed application was diagrammatical and since Ryerson in the later-filed application referred to said clasps in the manner above quoted, it was proper to hold that the specific clasp structure of the first application might be inserted into the latter for the purpose of interference.

After giving each phase of Lyon's arguments made here and elsewhere careful consideration, we conclude that the board's position in this regard is sound. It seems clear to us that when the specific clasp means of the first application is substituted for the diagrammatical disclosure in the second application, this phase of the contention with reference to Ryerson's right to make the counts is completely answered and, we think, for the purpose of interference this was the proper procedure.

The Primary Examiner, considering this phase of the question (the Examiner of Interferences under the rules took no cognizance of this issue), held that the above-quoted language in Ryerson's second application with reference to the clasps is not in the nature of a disclaimer but that, although not originally claimed by Ryerson in the second application, the combination, including the clasps, is disclosed therein and that he is now entitled to claim the combination with the rest of the structure in the co-pending second application which is here involved.

The Board of Appeals took the same view and, as before stated, we are of the opinion that its decision in this respect was without error. The Patent Office tribunals in passing upon this phase of Ryerson's right to make the counts cite no pertinent authority. The question was raised, however, by Lyon in a petition for reconsideration and certain authorities were there relied upon by him, which are not discussed in the decision of the board denying the petition for reconsideration. In this decision of the board the statement is made that the reply brief on the part of Ryerson answers "many of the objections raised in the petition."

In this court, Lyon contends that the above-quoted language in Ryerson's second application amounts to a disclaimer of the limitation relating to the specific clasp construction, and argues that he cannot now rely for a disclosure of the specific clasp construction upon his earlier-filed application and cites Skelly Oil Co. v. Universal Oil Products Co., 3 Cir., 31 F. 2d 427. After assuming that to include in the second application the specific class structure of the first one is the insertion of new matter, barred by the rules of the Patent Office, Lyon cites Ex parte Danner, 16 U.S.P.Q. 70 as supporting authority.

Ryerson responds with the contention to the effect that no applicable authority has been cited by Lyon supporting his contention that new matter would be inserted in the later application under the circumstances related. He relies upon Ex parte Priebe, 1915 C.D. 39, which Lyon has not referred to, as being directly in point with the present circumstances.

The Danner case, supra, like many other cases that might be cited, is authority for the proposition that where a party has more than one application copending he may not, under certain circumstances, insert the disclosure of one application into another without violating rule 70 of the Patent Office. The facts in the Danner case were unlike the facts in the instant case. Here the second application, when filed, specifically referred to the clasp structure of the copending application and in the second application the clasp was only diagrammatically shown.

We have examined the Priebe case, supra, with some care and think that while in some respects it is not exactly on all fours with the case at bar it is supporting authority for the conclusion of the Patent Office tribunals on this issue. There the application involved disclosed two specific forms of an invention. It had specific claims directed to the first form of the invention. Subsequently, another party made claims directed to the structure of the second form. It was held that the applicant could make claims directed to the second form of the invention for interference purposes even though the Patent Office had the right to limit the applicant to claims directed solely to the first form after the interference had been terminated.

In Kitselman v. Reid et al., 1920 C.D. 26, it was held, under circumstances in some respects comparable to those at bar, that, where the specification makes reference to an earlier application, the earlier disclosed structure might be incorporated into a later filed application which only diagrammatically showed the structure.

Whether Ryerson will be entitled to the allowance of the counts in any application is not a matter for our cognizance here. It is our view, however, that the tribunals properly held that for the purpose of interference, Ryerson under the circumstances at bar was entitled to make the counts upon the disclosure as is hereinbefore stated.

The second question presented is the contention of Lyon that by Exhibits 1 and 3 and the testimony of his witnesses he has shown that he conceived and reduced to practice the invention of the counts at bar before Ryerson entered the field. It is not disputed in this case, and on the contrary it is, we think, established that Lyon had conceived and reduced to practice before Ryerson entered the field the invention which is disclosed by said exhibits. Exhibit 3 was not discussed by the board.

Count 1 calls for "an arcuate section including side and tread covering portions." It was the position of the board that Exhibit 1, which was a drawing made by Lyon, did not disclose an arcuate section which had a side and tread covering portion. The application of Lyon from which the counts originate shows two arcuate sections which meet at the top of the tread and each section necessarily covers one side and half of the tread of the tire. Exhibit 1 has an arcuate section which ends near the top of the tire and while, as found by the tribunals, it may at places and under certain circumstances overlap a small portion of the tread, it is not to be regarded as a tread covering

member. Especial arrangement is made for covering the tread and the "side member" is referred to by that term on the drawing.

Count 2 calls for each of the sections having a tread covering portion. The tribunals, for the reasons assigned in holding that count 1 did not read upon Exhibit 1, also held that count 2 did not read upon the same.

Exhibit 3 is a drawing disclosing substantially what is disclosed by Exhibit 1 and what is said with reference to Exhibit 1 applies to Exhibit 3. Exhibit 2 is the record in an ex parte appeal to this court by Lyon which discloses a tire cover on the order of those of Exhibits 1 and 3, but which exhibit is not in this court urged as having any more pertinency than Exhibits 1 and 3.

We are in agreement with the views expressed by the Examiner of Interferences and the board that Lyon's early structures (which were made to conform to Exhibits 1, 2 and 3) do not support the counts at bar.

The third and last question to be decided is: Were the tribunals justified in awarding Ryerson a conception date in 1932 on the stipulated testimony of Ryerson and his corroborating witnesses. On this phase of the question the Examiner of Interferences said: "The stipulated testimony on behalf of Ryerson establishes conception by him of the device shown by his exhibit 1 in 1932. This construction is thought to satisfy the counts, the resilient holding means being shown at H, I, J as explained in Ryerson's testimony. The central opening E is obviously provided for a hub cap, as also stated by Ryerson. It is held that Ryerson has proven conception of the invention here in issue in 1932. He reduced to practice at least as early as his filing date, August 1, 1933. Whether he is entitled to an earlier date need not be decided."

The board did not discuss this phase of the case.

Most of Lyon's argument directed against this testimony is devoted to the propositions, first, that it was not proper to conclude that the blueprint drawing introduced by Ryerson showing an opening in the center of the face plate was for the purpose of inserting a hub cap to secure the face plate to the wheel hub; and, second, that there was no proof of the kind of a test that was given in order that it might be shown that Ryerson had reduced his invention to practice.

We think the first contention is untenable since the drawings indicate the purpose for which the opening was left and the stipulated testimony we think is conclusive on this subject.

On the second contention on this phase of the case, relating to reduction to practice, the Patent Office tribunals did not rule. It was unnecessary for them to pass upon it in view of their conclusion that Ryerson was first to conceive and first to constructively reduce to practice and we are of the same opinion.

The decision of the Board of Appeals is affirmed.

Affirmed.